**Motion Granted in Part and Denied in Part, Appeal Reinstated, and Order filed May 10, 2022.**



In The

# Fourteenth Court of Appeals

———————

## NO. 14-20-00137-CV

———————

**MARTIN A. LEBLANC, CHRISTOPHER J. RUSSO, TRIPLE RRR INVESTMENTS LLC, BASKET SPECIALTIES LLC, GULF COAST WIRELINE LLC, LONGHORN BITS LLC, PRIME 337 LLC, RUSSO ENERGY LLC, AND RUSSO EXPLORATION, Appellants/Cross-Appellees**

**V.**

**SUPERIOR ENERGY SERVICES, INC., STABIL DRILL SPECIALTIES, L.L.C., AND SESI, L.L.C., Appellees/Cross-Appellants**

**On Appeal from the 295th District Court
Harris County, Texas
Trial Court Cause No. 2016-24818**

## ORDER

On December 17, 2020, the court abated this case because appellee/cross-appellant Stabil Drill Specialties, L.L.C. ("Stabil Drill") and its affiliates and appellees/cross-appellants Superior Energy Services, Inc. and SESI, L.L.C. were in

bankruptcy. *See* Tex. R. App. P. 8.1. On April 21, 2022, Martin A. LeBlanc and Stabil Drill filed a joint motion to lift the stay and dismiss the appeal as to certain parties, pursuant to Texas Rule of Appellate Procedure 8.3(a), 42.1(a)(1), and 42.1(b). Attached to the motion is a true copy of the bankruptcy court's order confirming the bankruptcy plan, under the terms of which the automatic stay terminated on February 2, 2021. Accordingly, the motion is granted in part and the appeal is reinstated.

In addition, the motion seeks to dismiss "portions of the appeal" because some of the parties have resolved their issues. Under Rule 42.1(b), "[a] severable portion of the proceeding may be disposed of . . . if it will not prejudice the remaining parties." Tex. R. App. P. 42.1(b). The motion before us does not demonstrate "the portions of the appeal" sought to be dismissed are severable. The motion is denied in part without prejudice to refiling.

The briefs of appellants and cross-appellants are **due 30 days** from the date of this order.[1]

PER CURIAM

Panel Consists of Chief Justice Christopher and Justices Bourliot and Wilson.

---

[1] Appellants and cross-appellants may, of course, limit the scope of their appeal by only raising issues as to the portions of the final judgment they still contest.